IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JULIUS MARKS, # 191094, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv832-MHT |
| | ) | (WO) |
| CARTER DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Petitioner Julius Marks ("Marks"), who is incarcerated at the Easterling Correctional Center, challenges via a 28 U.S.C. § 2254 habeas petition (Doc. No. 1) his inmate classification by the Alabama Department of Corrections. Marks argues he is entitled to be classified for less restrictive custody, in particular, that he should be classified as a "minimum-out" prisoner instead of as a "minimum-in" prisoner. Doc. No. 1-1 at 1–2. For the reasons that follow, Marks is entitled to no relief.

### II. DISCUSSION

The Respondents are correct in their contention (Doc. No. 11 at 8–9) that federal habeas corpus relief is not available to address Marks's challenge to his custody classification. Because Marks's custody-classification claims attack the conditions of his confinement, rather than the fact or duration of his confinement under a state court judgment, his claims are not cognizable in a habeas action. *See Gomez v. United States*, 899 F.2d 1124, 1126–27 (11th Cir. 1990) (recognizing that the appropriate relief from

unconstitutional prison conditions is not release by writ of habeas corpus, but rather discontinuance of the improper practice or correction of the conditions). "The central purpose of the writ of habeas corpus, whether filed under [28 U.S.C.] § 2241 or § 2254, is to provide a remedy to prisoners who are challenging the 'fact or duration' of their physical confinement and are seeking immediate release or an earlier release." *Black v. McDonnell*, 2006 WL 1180795, at *1 (M.D. Ala. May 2, 2006) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

State inmate challenges to the conditions of confinement are more appropriately raised in civil rights actions under 42 U.S.C. § 1983. *See, e.g., Martin v. Overton*, 391 F.3d 710, 714 (6th Cir.2004). However, even if this court liberally construes Marks's petition as a civil rights complaint under § 1983, his claims provide no basis for relief, because he has no constitutional right to a particular custody classification. The law is well settled that

> there are only two instances when a prisoner may be deprived of a due process liberty interest under § 1983: The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999) (quotation omitted) (citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995)).

*Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006). Marks's claims do not rise to the level of an actionable § 1983 deprivation, because an inmate's assigned custody classification is not "so severe that it essentially exceeds the sentence imposed by the court," and the administrative regulations governing classification "do not bestow a benefit

vis-a-vis the custody classification, the deprivation of which would result in an 'atypical and significant hardship.'" *Id.* (quoting *Sandin*, 515 U.S. at 484); *see Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976) (holding no constitutional liberty interest in prisoner's custody classification); *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (same).

Because Marks has not no constitutionally protected liberty interest in being classified at a certain custody level, his claims provide no basis for relief in an action under § 1983.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before December 26, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal

3

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 12th day of December, 2017.

   /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE